## NORTHERN GRAIN CO. V. PIERCE.

1. An assignment of error alleging that the court erred in admitting evidence of claims and accounts on the part of plaintiff, which were not filed in the complaint or reply, as a set-off against defendant's answer, against the objections and exceptions of defendant, is too uncertain and indefinite to receive attention.

2. Where the issues raised by the pleadings necessarily involve a general accounting between the parties, the evidence need not be confined to the claims or accounts set up by either party in the pleadings.

3. The finding, upon a general accounting before a referee, that defendant is indebted to plaintiff in a sum named, cannot be reviewed on appeal, where the business of the parties was conducted by correspondence, and only a part of the letters introduced in evidence before the referee is in the record on appeal.

4. Where, in an action by a mortgagee of personal property against the mortgagor for the possession of the mortgaged property, the evidence shows the defendant is indebted to plaintiff on transactions subsequent to the making of the mortgage, exclusive of certain alleged option deals, the question of the validity of charges against defendant on account of the latter deals is immaterial.

(Opinion filed June 20, 1900.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action by the Northern Grain Company against Levi Pierce for the recovery of certain mortgaged property. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*D. W. Poindexter,* for appellant.

*W. F. Bruell* and *C. T. Howard,* for respondent.

A bill of particulars is not a pleading, forming an issue, and is not subject to demurrer. Columbia Acc. Ass'n. v. Rockey, 25 S. E. 1009; Barr v. Voorhees, 35 Atl. 651.

The presumption always is that the intention of the parties was lawful and the party alleging to the contrary must prove the fact and has the burden of proof. Bargs v. Hornick, 30 Fed. 70; Bartlett v. Smith, 13 Fed. 267; Pixley v. Boynton, 70 Ill. 351; Dykers v. Townsend, 24 N. Y. 24; Bigelow v. Benedict, 70 U. S. 202; Irwin v. Williar, 110 U. S. 499; Whitesides v. Hunt, 97 Ind. 191.

HANEY, J. Plaintiff seeks to recover possession of certain personal property for the purpose of foreclosing a mortgage thereon. The execution of the mortgage is conceded, but defendant contends that the debt secured thereby had been extinguished when this action was commenced. A referee having found $815.21 to be due, judgment for possession of the mortgaged property was rendered in favor of the plaintiff, an application for a new trial was denied, and defendant appealed.

Plaintiff was engaged in the grain commission business at Minneapolis. Defendant was a grain dealer at Ashton, in this state. Intimate business relations existed between the parties for several years, involving numerous transactions and mutual accounts embracing a large number of items. In the fall of 1892 the plaintiff advanced money and material to aid defendant in constructing the elevator covered by plaintiff's mortgage. Subsequently it furnished defendant with money to buy grain, handled his grain at Minneapolis, and acted for him in numerous transactions in the chamber of commerce in that city. In May, 1893, the plaintiff presented an account purporting to

contain a statement of the amount then due from defendant, and defendant executed certain notes, one of which was secured by the mortgage involved herein, with the understanding that plaintiff would correct any errors that might afterwards be found in its account. Subsequently an error was found and corrected by an indorsement of the amount upon an unsecured note. The same business relations continued until late in the year of 1896, when a controversy seems to have arisen, and the foreclosure of plaintiff's mortgage was resisted on the ground that the debt secured thereby had been paid in full. As we understand the record, the only issue of fact presented by the pleadings and tried by the referee was this: Was there any amount due upon the note secured by the mortgage in question when this action was commenced? This issue, in view of the pleadings, relation of the parties, as shown by the evidence, and the method of conducting the trial, necessarily involved, and very properly resulted in, a general accounting. The referee found a balance due the plaintiff after an examination of the mutual accounts of the parties covering all their business transactions.

Defendant's first assignment of error is stated thus: "The court erred in admitting evidence of claims, demands, and accounts on the part of the plaintiff against the defendant which were not filed in plaintiff's complaint or reply as an offset against defendant's claims and accounts against plaintiff filed in defendant's answer, against the objections and exceptions of defendant, and in allowing such claims in favor of plaintiff." This assignment is too uncertain and indefinite to merit attention, but, should that objection be waived, the record discloses no errors in admitting evidence of irrelevant items, because,

as heretofore stated, the issue raised by the pleadings necessarily involved a general accounting.

The referee finds that there was a balance due the plaintiff on transactions occurring after the mortgage directly involved was executed, exclusive of any so-called "option deals," of $1,943.21. This finding cannot be disturbed. It appears that substantially all of the business of these parties was conducted by correspondence contained in numerous exhibits which were received in evidence and incorporated into the bill of exceptions, but many of which are ommitted from the printed record upon which the case must be decided in this court. If defendant was indebted to plaintiff on items, exclusive of option deals, as found by the referee, the charges against him on account of these transactions are immaterial, and it becomes unnecessary to consider their legality. For the same reason it was not reversible error for the referee to exclude the testimony of defendant relative to certain alleged conversations with officers of the plaintiff corporation, touching its authority to make certain sales and purchases for defendant in the Minneapolis chamber of commerce. Were all the evidence and items relating to options eliminated from the record, the defendant wonld still, according to the findings of the referee, be indebted to plaintiff on transactions subsequent to the making of the mortgage, and therefore not entitled to any credits upon the note secured thereby, except those admitted by the pleadings and allowed by the referee. Finding no reversible error, the judgment of of the circuit court is affirmed.